UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Xi Hong, | Case No. 2:26-cv-00265-CDS-BNW |
| Petitioner | **Order Granting in Part the Petitioner's Petition for Writ of Habeas Corpus** |
| v. | |
| Pamela Bondi, et al., | [ECF No. 4] |
| Respondents | |

Petitioner Xi Hong filed a petition for writ of habeas corpus, asserting four claims: (1) violation of his Fifth Amendment right to due process because his removal is not reasonably foreseeable; (2) violation of the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(a)(6); (3) violation of the Administrative and Procedure Act (APA), 5 U.S.C. § 706, based on the petitioner's continued detention; and (4) violation of the APA based on ICE's policy of removing noncitizens to a third country without notice or opportunity to seek fear-based protections violates the APA. *See* Pet., ECF No. 4. Respondent Mattos filed a response to the petition on February 23, 2026, wherein he took no position on the requested relief. Mattos resp., ECF No. 11. The federal respondents[1] filed a limited non-opposition to the amended petition on March 4, 2026. Non-opp'n, ECF No. 14. The limited opposition was in relation to the petition's allegation that Hong's removal is not reasonably foreseeable. *See id.* The petition is now fully briefed. Reply, ECF No. 15.

---

[1] The federal responses were listed as Michael Bernacke, ICE's West Valley Field Director, Todd Lyons, the Acting Direct of ICE, Kristi Noem, former Secretary of the Department of Homeland Security, and Pamela Bondi, the Attorney General of the United States. Because Noem is no longer Secretary for the Department of Homeland Security, the Clerk of Court is kindly directed to replace her with Markwayne Mullin.

Because Hong's petition is unopposed, I grant it in part. Specifically, I grant his first claim for relief—the due process violation—but decline to decide the other claims on the merits, so claims two, three, and four are dismissed without prejudice.

I.    Background

As set forth in the petition, Hong has been in ICE custody[2] since July of 2025. ECF No. 4 at 5. Hong suffers from serious medical conditions, including "C.H.F.," which the court construes as congestive heart failure, and is confined to a wheelchair. *Id.* Hong filed the instant writ while in custody. In claim one of the petition, Hong asserts that his "continued indefinite detention . . . violates his Fifth Amendment right to due process because his removal is not reasonably foreseeable." *Id.* at 6–7. He specifically argues that the 90-day removal period of 8 U.S.C. § 1231(a)(3) applies to his detention and that, because he has been detained for more than 90 days, *Zadvydas*[3] requires his immediate release. *Id.* Hong further argues that his removal is not reasonably foreseeable. *Id.* at 7. The federal respondents do not dispute that his removal is not reasonably foreseeable. *See* ECF No. 14.

II.    Discussion

The Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. Authority delegated to the Attorney General—such as those related to immigration proceedings—is still subject to due process's requirements. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."). The Supreme Court has repeatedly recognized "that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425 (1979). Detention beyond this 90-day period is allowed only for a reasonable period. *Zadvydas*, 533 U.S. at 701. A period of detainment

---

[2] It is unclear what country Hong is a citizen of, but there is no dispute that he is in ICE custody awaiting deportation.
[3] *Zadvydas v. Davis*, 533 U.S. 678 (2001).

of six months or less is considered presumptively reasonable. *Id.* After six-months, the government then bears the burden of rebutting the petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.*

Per the undisputed petition, the removal period began in 1998 when either a removal or reinstatement order was issued. *See* ECF No. 4 at 3. It is unclear if, or for how long, Hong was detained once the 1998 order was issued. But it is undisputed that Hong was taken into ICE custody on July 29, 2025. Thus, Hong has now been detained long past the 90-day presumptive reasonableness period, so the *Zadvydas* framework applies. It is also undisputed that there is no likelihood of his removal in the reasonable future. Therefore, pursuant to *Zadvydas*, Hong must be immediately released.

Accordingly, I grant Hong's first claim for relief (due process). And because he is entitled to relief under claim one, I decline to address his remaining claims on the merits, so they are dismissed without prejudice.

Further, given Hong's medical conditions, I grant in part the additional requested relief set forth in his reply—that is, that Hong be released with his photo identification and at least ten-days' worth of any prescription medication. ECF No. 15 at 2.

**III.    Conclusion**

IT IS HEREBY ORDERED that the Xi Hong's petition for writ of habeas corpus **[ECF No. 4] is granted in part: relief as to claim one is granted.** All remaining claims are denied without prejudice.

IT IS FURTHER ORDERED that the respondents must release petitioner pursuant to the same order of supervision he was subject to prior to his July of 2025 detention, by 5:00 pm on April 2, 2026.

IT IS FURTHER ORDERED that counsel for the federal respondents must give Hong's counsel reasonable notice of his impending release, meaning at least two hours' notice.

IT IS FURTHER ORDERED that upon Hong's release, the federal respondents must provide Hong his photo identification and at least 10-days' worth of any and all prescription medication.

IT IS FURTHER ORDERED that the respondents must file a notice of compliance confirming Hong's release and that, upon release, Hong received his photo identification and at least 10-days' worth of any and all prescription medication, by April 9, 2026.

The Clerk of Court is kindly directed to replace Kristi Noem with Markwayne Mullin.

Dated: April 1, 2026

_____

Cristina D. Silva
United States District Judge

4